IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

**FILED**
APR 1 3 2012
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| DARRYL BROWN<br>14601 BURBRIDGE RD SE<br>CUMBERLAND MD 21502-8724<br><br>       Plaintiff,<br><br>vs.<br><br>GLOBE LIFE AND ACCIDENT INSURANCE<br>COMPANY P.O. BOX 26884<br>OKLAHOMA CITY, OK 73126-8844<br><br>AND<br><br>CHARLES F. HUDSON PRESIDENT AND<br>CHIEF EXECUTIVE OFFICER<br><br>       Defendants. | COMPLAINT<br><br>CIV 12- 405 W<br>CIVIL ACTION NO.:<br><br>DEMAND FOR JURY TRIAL |

Plaintiff DARRYL BROWN, ("Plaintiff"), by and through Pro Se representation, as and for its Civil Action Complaint against the Defendants GLOBE LIFE AND ACCIDENT INSURANCE COMPANY and CHARLES F. HUDSON PRESIDENT AND CHIEF EXECUTIVE OFFICER ("Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf for compensatory damages and punitive damages and injunctive relief arising from the Defendants' breach of contract, breach of fiduciary duty, and unjust enrichment. The claims arise out of a series insurance payment transactions.

### PARTIES

Plaintiff, Darryl Brown, is an adult individual who

resides at the address indicated in the above caption.

2. Defendant, Globe Life And Accident Insurance Company, is a Life And Accident Insurance Company, licensed to conduct business in the State of Maryland and is located at address indicated in caption.

3. Defendant, Charles F. Hudson, is an adult individual and employee of Defendant Globe Life And Accident Insurance Company, who resides at the address indicated in the above caption.

4. In 2010, Plaintiff, purchased life insurance for himself from the Defendant, Globe Life And Accident Insurance Company. Policy No. **002N37114**.

5. In 2011, Plaintiff received a letter with attached Application for Modified Premium Whole Life Insurance from the Defendant Charles F. Hudson. Plaintiff accepted the offer to modified his premium to purchased life insurance for his loved ones.

6. On or about March 23, 2011, the Plaintiff received a letter with attached premium notice from Defendant, Charles F. Hudson. In this letter Defendant stated that the Plaintiff's, loved ones' life insurance applications were approved. **(Quote)**; "Your young loved ones' life insurance applications are approved! Now it's time to take the next step. To begin this valuable protection, we must receive your premium payment for one of the amounts shown on the attached premium notice. These insurance policies can provide guaranteed valuable life insurance protection for your young loved ones. Remember, these policies can provide financial security for life. Once the policies are in affect, they can never be canceled due to changes in health or future occupation. Millions

of parents and grandparents like you and I have taken this very important step in providing valuable protection for their children or grandchildren. By simply returning your payment the policies will start and can feel safe knowing you've provided your young loved ones with valuable protection that can last a lifetime".

7. Defendant, Charles F. Hudson, issued the following policy numbers for the Plaintiff's loved ones: Insured Names: **Darrel L. Brown, Policy No. 003C98745; Erica Brown, Policy No. 003C98746; Dallas L. Brown, Policy No. 003C98747; and Layla R. Pray, Policy No. 003C98748.**

8. On or about April 3, 2011, Plaintiff mailed his initial payment to the Defendant Globe Life And Accident Insurance Company to start the insurance policies for the Plaintiff's loved ones.

9. On or about April 11, 2011, Plaintiff received a letter with attached premium notice from Defendant, Charles F. Hudson, he advised that the Plaintiff's notice for the amount due on April 21, 2011.

10. On or about April 12, 2011, Plaintiff mailed a payment to the Defendant Globe Life And Accident Insurance Company to cover the insurance policies for his loved ones.

11. On or about May 12, 2011, Plaintiff received a letter with attached premium notice from Defendant, Charles F. Hudson, he advised that the Plaintiff's premium notice for the amount due on May 12, 2011.

12.  On or about May 15, 2011, Plaintiff mailed to the Defendant Globe Life And Accident Insurance Company a payment to cover the insurance policies for his loved ones.

13.  On or about June 11, 2011, Plaintiff received a letter with attached premium notice from Defendant, Charles F. Hudson, he advised, that the Plaintiff's premium notice for the amount due on June 21, 2011.

14. On or about August 2, 2011, Plaintiff received a urgent notice/letter from Defendant Charles F. Hudson, stating that his records indicate that he did not received Plaintiff's payment that was due on June 21, 2011 for Darrel, Erica, Dallas and Layla. **(Quote),** "As of 7/21/2011, these policies are no longer providing protection for your young loved ones. The reasons you started these plans are the same good reasons for keeping them. Your insurance provides valuable protection and we want to make sure it is there when you and your young loved ones need it. If you have already mailed in your payment, please accept our payment, please accept our thanks. If you have not had a chance to do so, please send in your payment along with the attached notice and the benefits of your policies will be reinstated provided the insureds are still in good health".

15.  On or about August 2, 2011, Plaintiff mailed a letter to his bank representative along with the premium notice that he received from Defendant Charles F. Hudson. The Plaintiff, advised his bank representative to make a payment on the premium in the amount of $46.92

16. On or about August 11, 2011, Plaintiff mailed a letter to his bank representative requesting that the representative pay the insurance policies for the year.

17. On or about August 23, 2011, the Defendant Globe Life And Accident Insurance Company received the payment in the amount of $46.92 from the Plaintiff's bank representative.

18. On or about August 29, 2011, Plaintiff received a letter with attached premium notice from Defendant, Charles F. Hudson, he advised, that the Plaintiff's premium notice for the amount due on August 21, 2011. Even though, the Defendant Globe Life And Accident Insurance Company just received a payment to pay the insurance policies for one year on August 23, 2011.

19. On or about August 30, 2011, Plaintiff received a letter/premium notice from Defendant Charles F. Hudson, stating that the Plaintiff's Globe Life insurance coverage has lapsed. However, he advised, that the Plaintiff still has time to reinstate the policies even though the Plaintiff paid the policies for the year. Defendant Charles F. Hudson, stated that the policies can be reinstated for the following: Darrel L. Brown, Erica Brown, Dallas L. Brown and Layla R. Pray. **(QUOTE)**, "there is still time but we must receive your payment by 9/18/2011". Even though, the Plaintiff's bank representative made another payment on his behalf to the Defendant Globe Life And Accident Insurance Company, which the insurance policies should have been active.

20. On or about October 3, 2011, Plaintiff received a letter/premium notice from Defendant Charles F. Hudson, **(QUOTE)**, "Our records indicate that we have not received your payment that was due on August 21, 2011 for Darrel, Erica, Dallas and Layla.

As of 9/21/2011, these policies are no longer providing protection for your young loved ones". The statements are false and misleading because the Defendants' received payments in August and September of 2011.

21.   On or about October 4, 2011, Plaintiff mailed a letter along with the premium notice that he received from Defendant Charles F. Hudson. Plaintiff advised his bank representative to get in touch with Defendant Globe Life And Accident Insurance Company to find out why his payments not being posted/credited to his loved ones' insurance policies.

22.   Soon after, the Plaintiff's bank representative contacted Defendant Globe Life And Accident Insurance Company. Plaintiff received a letter dated October 20, 2011 from Defendants' Premium Accounting Department, **(QUOTE)**, "We received your correspondence and check #71023305 was applied to 00C98745, 00C98746, 00C98747, and 00C98748. We do not show receipt of check #71023361".

23.   According to, Defendant Charles F. Hudson no payments was made on August 23, 2011, which in fact the payments were made and Defendant still canceled the Plaintiff's loved ones policies.

24.   On or about October 28, 2011, Plaintiff received a letter/ premium notice from Defendant charles F. Hudson, **(QUOTE)**, "Your Globe Life insurance coverage has lapsed. However, you still have time to reinstate the policies for the following: Darrel L. Brown, Erica Brown, Dallas L. Brown and Layla R. Pray. There is still time but we must received your payment by 11/19/2011".

25. On or about November 7, 2011, Plaintiff mailed a letter to his bank representative along with the premium notice that he received from Defendant Globe Life And Accident Insurance Company. Plaintiff asked his bank representative how she want to proceed with the latest premium notice that he received from Defendant Globe Life And Accident Insurance Company because it was very difficult and frustrating to the Plaintiff, trying to get the matter resolve with the Defendants'.

26. On or about November 22, 2011, Plaintiff received a letter/premium notice from Defendant Charles F. Hudson, **(QUOTE)**, "Did you know your coverage is no longer in force as of 8/21/2011 for Darrel, Erica, Dallas and Layla? Right now, we are offering you an opportunity to bring your premium payments up to date. We hope you decide to maintain this valuable coverage with Globe Life, providing the insureds remain in good health. Simply send us the total premium amount due below. Upon receipt, your young loved ones' coverage will be paid current. In order to ensure your coverage can be maintained, please respond to this notice no later than 12/14/11". Defendant Charles F. Hudson still stating that the Plaintiff's loved ones' policies was no longer in force as of August 21, 2011, when in fact the Premium Accounting Department has verified on October 20, 2011 that the Plaintiff's payments were posted on August 23, 2011. Defendant Charles F. Hudson now requesting yet again another payment from the Plaintiff in the amount of $92.50 to reinstate the policies for Darrel, Erica, Dallas and Layla by no later than 12/14/11.

27. On or about December 5, 2011, Plaintiff's bank representative mailed **check** #41028209 in the amount of $281.52 to the Defendant Globe Life And Accident Insurance Company more than the $92.50 that the Defendant Charles F. Hudson requested to reinstate the Plaintiff's loved ones' policies. The insurance policies cost $260.00 for the year which the Plaintiff's paid that amount on August 23, 2011. However, according to, Premium Accounting Department they stated that the **Check** #71023361 does not show receipt of the **check** in question, but on the same day August 23, 2011, Defendant Globe Life And Accident Insurance Company received premium payments for Darrel L. Brown, Erica Brown, Dallas L. Brown and Layla R. Brown. **Check** #41028209 in the amount of $281.52 was received and posted on December 14, 2011 which was the same day that the Defendant Charles F. Hudson, stated that the Plaintiff's premium payment in the amount of $92.50 should be paid to reinstate his loved ones' insurance policies even after the premium payment of $281.52 was posted Defendant Charles F. Hudson still wanted more money to reinstate the Plaintiff's loved ones' policies and he failed to reinstate the policies as he promised to do so.

28. On or about February 14, 2012, Plaintiff mailed a letter to the Defendant Globe Life And Accident Insurance Company, stating that he discovered that the policies pertaining to his sons, daughter and granddaughter has expired, do to the facts allegedly no payments has been made to maintain the policies.

29. Even though, the Plaintiff's loved ones policies were paid for the entire year. Defendant Globe Life And Accident Insurance Company stated, that the Plaintiff's son Darrel's policy has been

paid for the entire year and Erica, Dallas and Layla policy were not paid, for the year. Defendant's statements were false and misleading of the facts of the matter. Defendant, did not refund any of the money that the Plaintiff and his bank representative mailed to the Defendant Globe Life And Accident Insurance Company to pay for the Plaintiff's loved ones' policies. The Plaintiff has not received a response from his February 14, 2012 letter that he mailed to the Defendant Globe Life And Accident Insurance Company.

On April 6, 2012, Plaintiff's wife Mrs. Harlean R. Brown contacted the Defendant Globe Life Accident Insurance Company and Mrs. Brown had spoken with one of the Defendant's representative name Aleisha. **(QUOTE)**, "I just talk to Aleisha at Globe Life (972) 540-6542. This is what she said. Your policy is due for 03/03/12; Darrel policy is paid until 08/21/12; Erica, Dallas and Layla's policy canceled on 08/21/11".

Even with the facts that the Defendant Globe Life And Accident Insurance Company received the premium payment in the amount of $260.00 and posted that payment on August 23, 2011, and the premium payment in the amount $281.52 posted that payment on December 14, 2011, still as of this writng the Defendants' has not correct or reinstated the Plaintiff's loved ones' policies after they promised to do so after receipt of premium payments. Even though, the Plaintiff paid the policies for the year in August and December of 2011.

**COUNT I - BREACH OF CONTRACT AND BREACH OF FIDUCIARY**
**DARRYL BROWN VS. GLOBE LIFE AND ACCIDENT INSURANCE COMPANY**

30. Plaintiff hereby incorporates paragraphs 1 through 29 as if set forth in full herein.

31. Plaintiff is a policy holder/customer of Defendant Globe Life And Accident Insurance Company, and has an active insurance policy number with Defendant, which is reference by policy number **002N37114.**

32. At all times hereto, Defendant, Globe Life And Accident Insurance Company, had a fiduciary duty to Plaintiff to perform all authorized insurance payment transactions, maintain accurate records information regarding Plaintiff's loved ones' insurance policies, and train its employees to make all precautionary measures possible for the premium payments to be posted/credited toward the Plaintiff's loved ones' insurance policies to avoid cancellation of the policies.

33. At all times hereto, Defendant had a contractual duty to perform all authorized insurance payment transactions, maintain accurate records information regarding Plaintiff's loved ones' insurance policies , and train its employees to make all precautionary measures possible for the premium payments to be posted/credited toward the Plaintiff's loved ones' insurance policies to avoid cancellation of the policies.

34. At all times hereto, Defendant, Charles F. Hudson, is an employee of Defendant Globe Life And Accident Insurance Company, and conducted false and misleading practices while acting on behalf of his employer.

35. Defendant, Globe Life And Accident Insurance Comany, breach its fiduciary duty to Plaintiff by failing to perform all authorized insurance payment transactions, maintain accurate records information regarding Plaintiff's loved ones' insurance policies, and train its employees to make all precautionary measures possible for the premium payments to be posted/credited toward the Plaintiff's loved ones' insurance policies to avoid cancellation of the policies.

36. Defendant, Globe Life And Insurance Company, breach its contractual duty to Plaintiff by failing to perform all authorized insurance payment transactions, maintain accurate records information regarding Plaintiff's loved ones' insurance policies, and train its employees to make all cautionary measures possible for the premium payments to be posted/credited toward the Plaintiff's loved ones' insurance policies to avoid cancellation of the policies.

37. As a direct and proximate result of Defendant's breach of fiduciary and contractual duties, Plaintiff has suffered, and will continue to suffer economic losses, pecuniary damages, and for the misconduct of Defendant, compensatory damages and punitive damages for mental and emotional distress.

**WHEREFORE,** Plaintiff, Darryl Brown, demands judgment in his favor and against Defendant, Globe Life And Accident Insurance Company, in the amount not in excess of Two Million Five Hundred Thousand ($2,500,000.00) DOLLARS, together with costs of this suit.

## COUNT II - BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY AND UNJUST ENRICHMENT
### DARRYL BROWN VS. CHARLES F. HUDSON

38.  Plaintiff hereby incorporates paragraphs 1 through 37 as if set forth in full herein.

39.  At all times hereto, Defendant, Charles F. Hudson, had a fiduciary duty to Plaintiff to perform all authorized insurance payment transactions, maintain accurate records information regarding Plaintiff's loved ones' insurance policies, and train its employees under him to make all precautionary measures possible for the premium payments to be posted/credited toward the Plaintiff's loved ones' insurance policies to avoid any cancellation of the policies.

40.  At all times hereto, Defendant had a contractual duty to perform all authorized insurance payment transactions, maintain accurate records information regarding Plaintiff's loved ones' insurance policies, and train its employees under him to make all precautionary measures possible for the premium payments to be posted/credited toward the Plaintiff's loved ones' insurance policies to avoid cancellation of the policies.

41.  At all times hereto, Defendant, Charles F. Hudson, is the President And Chief Executive Officer and supervised all employees of Defendant, Globe Life And Accident Insurance Company, and conducted false and misleading practices while acting on behalf of his employer. Defendant clearly mislead Plaintiff, the materiality of his false misrepresentations exist within the facts of his false claims that the Plaintiff needed to make additional premium payments to maintain Plaintiff's loved ones' insurance policies.

42. The materially false claims Defendant made did deceive Plaintiff, intentionally employed the scheme to hookwink Plaintiff and to canceled the Plaintiff's loved ones' insurance policies to unjust enrichment.

43. Defendant, breach its fiduciary duty to Plaintiff by failing to perform all authorized insurance payment transactions, maintain accurate records information regarding Plaintiff's loved ones' insurance policies, and train its employees under him to make all precautionary measures possible for the premium payments to be posted/credited toward Plaintiff's loved ones' insurance policies to avoid any cancellation of the policies.

44. Defendant, became a fiduciary by exercising discretionary control over the Plaintiff's insurance policies for his loved ones, having discretionary authority to canceled Plaintiff's insurance policies for his loved ones. As a result of Plaintiff's insurance with Globe Life And Accident Insurance Company, Defendant Charles F. Hudson owed fiduciary duties to the insurance policies pursuant to the Termination/Nonforfeifure Provisions of the insurance policies in that he, among others, had the power of discretionary control, management or disposition of the insurance policies, namely, the collected funds/premium payments.

45. Defendants' power of discretionary control included the ability to control when or if the collected funds/premium payments were contributed to the insurance policies. Defendant had knowledge that the collected funds/premium payments were to be contributed to the insurance policies for the Plaintiff's loved ones. The suit also accused Defendants of knowingly retaining overpayments received.

46. Defendant, failed to comply with the Nonforfeiture Provisions terms of the insurance policies by not terminating the policies if any premium payment is made within the grace period to pay the premium. According to the Termination/Nonforfeitfure Provisions of the Plaintiff's loved ones' policies it states the following: "Subject to the nonforfeiture provision of this rider, this rider will terminate and no longer be in force when the first of these occurs; **(1)**. Any premium remains unpaid after the end of the grace period; **(2)**. The policy becomes extended term insurance under the policy nonforfeiture provisions; **(3)**. The policy terminates; and **(4)**. A written request by the owner of the policy to cancel this rider".

47. Plaintiff's loved ones' premium payments were due on August 21, 2011, the premium payments were paid on August 23, 2011, for the entire year. The premium payments were not at the end of the grace period. According to, the Premium Accounting Department's letter dated October 20, 2011, it states: **(QUOTE)**, "Check #71023305 was applied to 003C98745, 003C98746, 003C98747 and 003C98748 on 8-23-11. We do not show receipt of check #71023361". Even if, Defendant Charles F. Hudson claim that check #71023361 was not received/posted it would not have any merits because its evident that the premium payments were paid within the allow grace period on August 23, 2011. The terms of the Termination/Forfeiture Provisions, were in fact violated by Defendant Charles F. Hudson and others.

48. Plaintiff's reliance on the misrepresentations of Defendant was reasonable under the law and circumstances; inasmuch honesty is a basis of being one's fiduciary. Plaintiff be able to rely "unequivocally" on the truthfulness of fiduciary.

49. The fiduciary relationship by its very nature, gave Plaintiff the right to relax his vigilance to a certain extent and to rely on the good faith, therefore, Plaintiff had no duty to make an inquiry until something occurs to arouse his suspicion. Defendant made several false misrepresentation to Plaintiff when he falsely claimed that additional premium payments were needed to maintain Plaintiff's loved ones' insurance policies to avoid cancellation. He knew that he had exclusive control of the policies in question, he controlled and concealed the vital and material information necessary for Plaintiff to understand his loved ones' insurance policies. He also knew that the claims he made to Plaintiff were false. Additionally, he knew that base upon the type of contract that he and Plaintiff had, then Plaintiff would believe the falsity as if fact, without question it.

50. Defendant had "carte blanch" on Plaintiff's loved ones' insurance policies and he had a paramount duty to be honesty and to deal with Plaintiff on the basis of the strictest fidelity. Thus, via their fiduciary relationship it was imperative that Defendant be truthful and open with Plaintiff. He was obligated by law to disclose all material facts, but he failed to do such, in light of his personal greed and dishonesty. Contrary to the legal duties of Defendant in his role as fiduciary for Plaintiff, his negligence and plan to deceive Plaintiff caused him to conceal material facts about the actual status of Plaintiff's loved ones' insurance policies. Thereby, he falsely misled Plaintiff into the false belief that additional premium payments were needed to maintain his loved ones' insurance policies.

51. Defendant, in light of being an fiduciary of Plaintiff, knew of other options and negligently failed to employ them to prevent the cancellation of the Plaintiff's loved ones' policies. His deception, executed by him, was successfully done to unjust enrich himself with the additional premium payments that legally belonged to Plaintiff.

52. Defendant knew that his false claims would induce Plaintiff into false belief and ultimate agreement to pay additional premium payments to avoid cancellation of the Plaintiff's loved ones' insurance policies.

53. Plaintiff trust and reliance on the integrity of Defendant ultimate made him a victim of Defendant scam. The scheme must be intended to deceive another, by means of false or fraudulent pretense, representation, promises, or other deceptive conduct.

54. Defendant being his fiduciary wrongly took advantage of Plaintiff in light of Plaintiff's trust for him and thereby he, did take into his own unjust enrichment, the additional premium payments that belong to Plaintiff via his breach of fiduciary duty.

55. Defendant in his fiduciary capacity and trust position, he negligently failed to perform as any competent fiduciary would have done, his duty was to protect Plaintiff without a breach and Plaintiff was not to incur any losses due to neglect or breach, nor should Plaintiff have endured any losses due to negligent misconduct. Hence, Defendant did breach his duties and Plaintiff suffered losses on that account.

56. As a direct and proximate result of Defendants' breach of fiduciary and contractual duties, Plaintiff has suffered, and will

continue to suffer economic losses, pecuniary damages and for the misconduct of Defendant, compensatory damages and punitive damages for mental and emotional distress.

**WHEREFORE,** Plaintiff, Darryl Brown, demands judgment in his favor and against Defendant, Charles F. Hudson, in the amount not in excess of TWO Million Five Hundred Thousand ($2,500,000.00) DOLLARS, together with costs of this suit.


DATED: April 10, 2012                    Respectfully submitted,

                                         /s/ Darryl Brown
                                         Darryl Brown